**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willis E Baumgardner,<br><br>  Plaintiff,<br><br>v.<br><br>Allstate Vehicle and Property Insurance Company,<br><br>  Defendant. | No. CV-20-01907-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Willis Baumgardner's Motion to Remand and Motion for Attorney's Fees. (Doc. 5.) For the reasons explained below, the Court grants Mr. Baumgardner's Motion to Remand and the Motion for Attorney's Fees remains pending.[*]

Under Article III of the United States Constitution, this Court's exercise of judicial power is contingent upon the presence of subject-matter jurisdiction. One such form of jurisdiction is diversity of citizenship. U.S. Const. art. III § 2. Congress has established the standard for diversity of citizenship jurisdiction in 28 U.S.C. § 1332. Diversity of citizenship requires that the party seeking to invoke federal jurisdiction establish two elements: that the amount in controversy exceed $75,000 and that there be "complete diversity" between each plaintiff and each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In litigation where a complaint is initially filed in state court, such as this one, a defendant may remove the case to federal court provided that federal subject-

---

[*] Oral argument on the Motion to Remand is unnecessary because the issue is fully briefed and oral argument would not have aided the Court's decision. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

matter jurisdiction exists. 28 U.S.C. § 1441.

Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Notice of Removal states its belief that diversity jurisdiction was properly met. (Doc. 1 at ¶¶ 4-11.) However, after learning that Mr. Baumgardner "seeks damages in the underlying complaint of less than $25,000, Allstate immediately agreed to remand this matter to State Court." (Doc. 6 at 1.) The parties now agree that remand is appropriate given that the amount in controversy does not exceed $75,000. This Court lacks subject matter jurisdiction and it is obligated to remand the case to the Arizona Superior Court in Maricopa County.

Mr. Baumgardner also moved for an award of attorney's fees under 28 U.S.C. § 1447(c). (Part of Doc. 5 at 1, 5.) Mr. Baumgardner may supplement his Motion for Attorney's Fees in the manner outlined in Rule 54(d) of the Federal Rules of Civil Procedure and LRCiv 54.2.

Accordingly,

**IT IS ORDERED** that Mr. Baumgardner's Motion to Remand (Part of Doc. 5) is granted. This case is remanded to the Arizona Superior Court in Maricopa County.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction following remand to resolve the issue of attorney's fees and costs. Mr. Baumgardner's Motion for Attorney's Fees (Part of Doc. 5) remains pending. If he decides to proceed with his fee request, Mr. Baumgardner shall follow the procedural and substantive requirements set forth in Rule 54(d) of the Federal Rules of Civil Procedure and LRCiv 54.2.

Dated this 28th day of October, 2020.

Michael T. Liburdi
United States District Judge